UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES KIRBY, Sr. | : | |
| | : | |
| VS. | : | CIVIL NO. |
| | : | |
| SEI AARONS, | | |
| AARONS, INC | : | |
| DAVID EDWARDS, | | |
| In his individual and official capacity | : | |
| CHARLES SMITHGALL | : | |
| In his individual and official capacity | : | |
| MARK KEY, | : | |
| In his individual and official capacity | : | |
| and ROBERT DEPRIMO | : | |
| In his individual and official capacity | : | |
| | : | FEBRUARY 8, 2012 |

## C O M P L A I N T

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and Sections 46a-60(a)(1), *et seq.,* of the Connecticut General Statutes, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States. The defendant discriminated against the plaintiff in employment on the grounds of his sex and race, subjecting him to sexual harassment and a hostile environment in the workplace. When he complained, he was subjected to retaliation for doing so, ultimately being terminated.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 and Section 2000e of Title 42 of the United States Code.

3.During all times mentioned in this action, the plaintiff was, and still is, a heterosexual adult male citizen of the United States residing in Niantic, Connecticut. During all times mentioned in this action, Lloyd Brown was, and still is, a heterosexual adult male citizen of the United States residing in Norwich, Connecticut

4. At all times mentioned in this action, the defendant SEI Aarons was and is a Corporation having its headquarters and principal place of business at Atlanta , GA and operates an SEI Aaron's store at 441 West Main Street, Norwich, Connecticut. It is and was, at all relevant times, an employer within the meaning of the aforesaid statutes and at all relevant times employed more than five hundred individuals.

5. At all times mentioned in this action, the defendant Aarons, Inc was and is a Corporation having its headquarters and principal place of business at Atlanta , GA and operates a franchise locations at 441 West Main Street, Norwich, Connecticut. It is and was, at all relevant times, an employer within the meaning of the aforesaid statutes and at all relevant times employed more than five hundred individuals.

6. The defendant Robert Deprimo was at all times mentioned herein an adult homosexual male and manager in defendant SEI Aaron's Norwich store with supervisory power over the plaintiff.

7. The defendant Mark Key was at all times mentioned herein was an adult male and district manager for defendant SEI Aaron's Norwich store with supervisory power over the plaintiff.

8. The defendant Charles Smithgall was at all times mentioned herein an adult male and Chief Executive Officer of SEI Aaron's with supervisory power over the plaintiff.

9. The defendant David Edwards was at all times mentioned herein an adult male and Chief Operations Officer of SEI Aaron's with supervisory power over the plaintiff.

10. The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, that is, he filed timely complaints with the United States Equal Employment Opportunity Commission and the Connecticut Commission on Human Rights and Opportunities and received "Right to Sue" letters and Releases of Jurisdiction, respectively, all less than 90 days ago.

11. The plaintiff was employed by the plaintiff from January 5, 2009 to May 12, 2009.

12. Commencing in March 2009, the plaintiff's supervisor, Robert Deprimo, targeted the plaintiff for harassment and sexual harassment on an ongoing and continuous basis. He subjected the plaintiff to numerous sexually insulting and degrading comments in the presence of others, such as referring to him as his chocolate butter cup. Defendant Deprimo also subjected the plaintiff to unwanted physical contact of a sexual nature.

13. From March 2009 until May of 2009 Defendant Robert Deprimo repeatedly asked the plaintiff James Kirby about the size of his penis and his performance in bed.

14. From March 2009 until May of 2009 Defendant Robert Deprimo also told the plaintiff that it was his intention to "turn him gay" and have sexual intercourse with him.

15. On several occasions throughout the plaintiff's employment, Defendant Robert Deprimo touched the plaintiff's buttocks although the plaintiff asked him to refrain from touching him.

16. In the presence of the plaintiff, Robert Deprimo also harassed Lloyd Brown, another male employee of SEI Aarons, telling the plaintiff James Kirby that he suspected that Mr. Brown had a big penis.

17. In the plaintiff's presence, Robert Deprimo repeatedly fondled Lloyd Brown's buttocks from March 2009 to May 2009.

18. From March 2009 through May 2009, Defendant Robert Deprimo repeatedly forced the plaintiff James Kirby and Lloyd Brown to look at pictures of himself performing oral sex on other men.

19. From March 2009 through May 2009, Defendant Robert Deprimo repeatedly made inappropriate comments of a sexual nature to the plaintiff James Kirby regarding customers who visited the store.

20. From March 2009 through May 2009, the plaintiff James Kirby protested the treatment that he received from the defendant Robert Deprimo and asked that he cease all harassment immediately.

21. On or about April 13, 2009, defendant Robert Deprimo, told the plaintiff that if he did not like the treatment that he received from the store, that he should quit. Defendant Deprimo also told the plaintiff that he was targeting him because he had a

sexual preference for Black and Latino men. Defendant Deprimo also told the plaintiff James Kirby that if he wanted to advance within the company, he would have to continue to endure the sexual harassment.

22. On or about April 15, 2011, a complaint was made to the company's upper management including defendants Mark Key, Charles Smithgall, and David Edwards, regarding defendant Deprimo's sexual harassment of plaintiff James Kirby and Lloyd Brown. While all other parties were non-responsive, defendant Key remarked that the harassment was Defendant Deprimo's personality and that it should be ignored because he was "good for the company".

23. After complaining about the sexual harassment that he received at work, plaintiff James Kirby experienced retaliation in that Defendant Deprimo intentionally and consistently removed the plaintiff from the sales floor to the stock room,  thereby depriving the plaintiff of every opportunity to reach the sales quotas required to retain his position.

24. On May 12, 2009, the plaintiff reiterated his complaints about the sexual harassment to defendant Mark Key and was immediately terminated from his employment without any investigation into the sexual harassment allegations. On or about May 31, 2009, defendant Mark Key admitted to the Connecticut Department of Labor that he was aware of the allegations of sexual harassment, but did nothing to investigate the matter.

25. As a result, the plaintiff has suffered severe emotional distress and economic damages.

WHEREFORE, the defendant claims judgment against the defendant as follows:

    A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

    B. Punitive damages in an amount this court shall consider to be just, reasonable and fair;

    C. Attorney fees and the costs of this action;

    D. Such other relief as this court shall consider to be fair and equitable.

**The plaintiff claims trial by jury.**

The Plaintiff,

By /s/Robert Ricketts
Robert Ricketts
Law Offices of Robert A. Ricketts, LLC
1 Congress Street
Suite 206
Hartford, CT 06114
(860)524-9920
Fax: (860)524-9923
rob@rickettslegal.com
His Attorney
